IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PATTERSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-1159-GBW-LDH |
| | ) | |
| MUSK, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On October 17, 2024, Plaintiffs Jammie Patterson and Donald L. Carson initiated this civil action *pro se*, alleging a variety of criminal violations by Defendants, including *inter alia* human trafficking, home invasion, sexual assault, identity theft, and assault with a deadly weapon. (D.I. 2). Plaintiffs moved for leave to proceed *in forma pauperis*, which motion was granted on October 28, 2024. (D.I. 9). On March 28, 2025, Plaintiff Patterson filed a Motion to Amend the Complaint, purportedly only on her behalf and not on behalf of co-Plaintiff Carson. (D.I. 32). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b). For the reasons set forth below, the Court recommends that the Motion for Leave to Amend be denied and that this matter be dismissed with prejudice.

FILED

MAY 16 2025

U.S. DISTRICT COURT DISTRICT OF DELAWARE

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Plaintiffs allege that they are "being sold/data for profits in form of trafficking," and that "Elon Musk, Deborah Grant assaulted Jammie Patterson with an unknown deadly object by way of surgically implanted Nueralink Micro Threats to cortex and spinal cord illegally and unauthorized by breaking and entering with violent intent to exploit expose and sell without consent." (D.I. 2). Plaintiffs cite to Title 18 of the United States Criminal Code in support of their allegations, and they seek $240 billion in damages. *Id.* In determining whether to recommend that the Motion to Amend be granted, the Court closely reviewed the allegations in the proposed Amended Complaint. The proposed Amended Complaint reiterates many of the same allegations as set forth in the Complaint, appears to have been already filed in the Superior Court of the State of Delaware, and cites to and relies extensively on the United States Criminal Code. (D.I. 32).

## III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452

(3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court finds that the allegations set forth in the Complaint and Amended Complaint do not create a private right of action. The Complaint seeks damages based solely on Defendants' alleged criminal acts. The Amended Complaint does the same. But the law is clear that criminal statutes do not confer a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 279–86, (2002); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private

citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").[1]

Plaintiff cannot pursue criminal action against Defendants; thus, Plaintiffs' claims are legally baseless and must be dismissed as frivolous pursuant to § 1915(e)(2)(B)(i). Because the proposed amendment of these claims in the Amended Complaint would be futile, I recommend that the Motion to Amend (D.I. 32) be denied and the Complaint (D.I. 2) be dismissed with prejudice.[2]

## V.   **CONCLUSION**

For the foregoing reasons, the Court recommends that the Complaint be dismissed with prejudice.

---

[1] Moreover, criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous")), *aff'd*, 740 F. App'x 239, 240 (3d Cir. 2018) (per curiam); *Brown v. Progressive Specialty Ins. Co.*, 763 F. App'x 146, 147 (3d Cir. 2019) (per curiam) ("Brown's mere citation to various constitutional provisions cannot transform his state law claims into causes of action 'arising under' the Constitution."). Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute.").

[2] Because I recommend dismissing this action with prejudice, I recommend denying as moot the remaining pending motions (D.I. 10, 11, 12, 14, 15, 16, and 27).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

Plaintiffs are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

_____
Laura D. Hatcher
United States Magistrate Judge

Dated: May 16, 2025